Nov-30-2005 From-DEPT OF ATTY GEN/TORT LT 808-586-1369 T-482 P.004 F-985
Case 1:04-cv-00167-SOM-KSC    Document 121-7    Filed 01/18/2006    Page 1 of 2

The Honorable Kevin S. C. Chang
November 30, 2005
Page 3

> The Eighth Amendment requires prison officials to "provide humane conditions of confinement," which includes taking "reasonable measures to guarantee the safety of inmates." See Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks and citation omitted). An inmate claiming that officials failed to prevent harm first "must show that [he] is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. 1970. Then he must demonstrate that the officials had a " 'sufficiently culpable state of mind,' " Id. (quoting Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1993))—that is, their acts or omission arose from "deliberate indifference to inmate health or safety." Id. (internal quotation marks and citation omitted). Declining to adopt an objective definition of deliberate indifference, the Farmer Court held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *1286 Id. at 837, 114 S.Ct. 1970. " [D]eliberate indifference' is a stringent standard of fault." Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). "A showing of simple or even heightened negligence will not suffice." Id. at 407, 117 S.Ct. 1382.

Giron v. Corrections Corp. of America, 191 F.3d 1281, 1285 -1286 (10th Cir. 1999)

As the parties remaining in this case are all individuals, we must first look to which ones had any direct involvement with the housing assignments of Plaintiffs Nesbit and Kotis which could possibly have – by deliberate indifference – placed them in harm's way. Of the individual defendants in the Nesbit Complaint, only Monica Lortz was involved in assigning housing to Nesbit. Attached as Exhibit 1 to this letter is a Declaration of Monica Lortz that she assigned Nesbit to Module C which is a close custody assignment in the "Special Needs" or high security facility. In doing so, she reasonably expected, because she noted no gang affiliation or other special need in Nesbit's transfer memo, that Nesbit would be assigned to a cell in a non-gang quad within Module C. In Kotis' case, of his named defendants, only Monica Lortz and Cinda Sandin played any active role, however, it has been alleged that Cheryl Zimbeck was also involved. The Declaration of Gary Kaplan, Exhibit 2, establishes that none of the other defendants were directly involved and at best would have only *respondeat superior* relationship, which is not sufficient to support deliberate indifference liability. In Exhibit 1, Monica Lortz similarly declares that her upon transferring Kotis to Module C, she reasonably expected that he would be assigned to a cell in a non-gang quad.

Cheryl Zimbeck had no role in housing assignments or transfers for either Plaintiff and Cinda Sandin has attached her Declaration, Exhibit 3, that when she ordered the transfer of Plaintiff Kotis from quad 2 to quad 3 of module C, she did it for his own safety and comfort.

Finally, this Court's attention is invited to the Declaration of Gary Kaplan, who after setting forth the involvement, or non-involvement of each of the named defendants, declares that

*Group Exhibits E.*

3. Per the attached transfer memo, Exhibit "A" I assigned Anthony Nesbit to Module C, close custody on February 12, 2003. My transfer memo contains no notation of gang affiliation or other special needs; therefore, it was my expectation upon making the assignment that Anthony Nesbit would be assigned to a cell in a "non-gang" quad within Module C.

4. Similarly by transfer memo, Exhibit "B", I assigned William Kotis to Module C, close custody on September 11, 2002. Exhibit B likewise contains no notation of gang affiliation or other special needs and it was my expectation upon making the assignment that William Kotis would be assigned to a cell in a "non-gang" quad. Further Declarant sayeth naught.

DATED: November 29, 2005.

*MONICA LORTZ*

iManage_168551_1