ORIGINAL

MARK J. BENNETT          2672
Attorney General of Hawaii

CINDY S. INOUYE          3968
JOHN M. CREGOR, JR.      3521
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile:  (808) 586-1369
Email: John.M.Cregor@hawaii.gov

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY NESBIT,<br><br>            Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF PUBLIC SAFETY, STATE OF HAWAI`I, et. al.<br><br>            Defendants. | CIVIL NO. 03-00455 SOM-KSC (Consolidated)<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, FILED FEBRUARY 9, 2006; EXHIBIT "B;" CERTIFICATE OF SERVICE** |
| WILLIAM KOTIS,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII DEPT. OF PUBLIC SAFETY, et. al.<br><br>            Defendants. | CIVIL NO. 04-00167 SOM-KSC (Consolidated)<br><br>Hearing<br>Date:    April 10, 2006<br>Time:    9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial:   May 23, 2006 |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, FILED FEBRUARY 9, 2006

Subsequent to the filing of this Motion for Summary Judgment, in the very recent case of <u>Aholelei v. State of Hawaii, et al.</u>, Civil No. 04-00414 SOM-KSC, Judge Mollway did, on December 6, 2005, enter summary judgment for the State on similar facts holding:

> ""Prisons are inherently dangerous institutions, and decisions concerning safety, order, and discipline must be, and always have been, left to the sound discretion of prison administrators." <u>Lewis v. Casey</u>, 518 U.S. 343, 391 (1996); <u>Johnson v. California</u>, -- U.S. 125 S.Ct. 1141, 1152 (2005). "[M]aintaining institutional security and preserving internal order and discipline" are the central goals of prison administration. <u>Bell v. Wolfish</u>. 441 U.S. 520, 546 (1979). Inmate housing assignments are basic security decisions best left to the sound discretion of prison authorities.
> **Aholelei does not have a constitutional right to be housed only with non-gang members, in the prison of his choice, or in a specific area of the prison**. See <u>Meachum v. Fano</u>, 427 U.S 215, 224 (1976) (no right too a particular institution); <u>Olim v. Wakinekona</u>, 3461 U.S. 238, 244-245 (1983) (no right to a particular state); <u>Grayson v. Rison</u>, 945 F.2d 1064, 1067 (9th Cir. 1991) (no right to less restrictive facility). There is simply no constitutional principle forbidding prisons from housing gang members with non-gang members. Thus, Aholelei's allegations do not make out a constitutional violation, and the individual Defendants have qualified immunity." (emphasis supplied) A full copy of the order is attached as Exhibit B.

Nothing done by the individual Defendants in this case made prison more dangerous for the Plaintiffs. On the contrary, the evidence is that the Defendants at all times were concerned with providing the inmates with as safe an environment as possible.[1]

Not only does this caselaw have direct precedential effect on the merits of Plaintiffs' claims, but it is dispositive on the issue of qualified immunity as more fully briefed in Defendants initial Memorandum of Law in Support of this Motion fro Summary Judgment. Certainly, the individual defendants in making the housing assignments for the Plaintiffs were not violating any clearly established constitutionally protected rights of the Plaintiffs because those "rights" – not to be housed with gang members – did not and do not exist. All of the Defendants are entitled to qualified immunity and this court may enter summary judgment for the

---

[1] Any alleged claim of violation of Plaintiffs equal protection rights must similarly fail because Plaintiff has failed to show that he was a member of a protected class and that defendants discriminated against him on the basis of that class. See Lee v. City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir.2001). Any alleged claim of violation of due process fares no better because due process protects the individual only "against arbitrary action of government" Wolff v. McDonnell, 418 U.S. 539, 558, (1974) and "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." County of Sacramento v. Lewis, 523 U.S. 833 (1998) (citation and internal quotation marks omitted).

defendants on that basis alone.

DATED:   Honolulu, Hawaii, March 30, 2006.

/s/ John M Cregor Jr
JOHN M CREGOR, JR.
Deputy Attorney General

Attorney for Defendants
JAMES L. PROPOTNICK, FRANK
LOPEZ, EDWIN SHIMODA, NOLAN
ESPINDA, ERIC TANAKA, RANDY
ASHER, SGT. SAIA FINAU, CINDA
SANDIN, MONICA LIRTZ, CHERYL
ZEMBIK, LYLE KANOA, G. SHERIDAN,
and DAVID APAO