IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM J. KOTIS, | ) | CIV. NO. 04-00167 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING TRIAL TESTIMONY |
| | ) | BY PLAINTIFF WILLIAM KOTIS |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF PUBLIC SAFETY, | ) | |
| STATE OF HAWAII, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER REGARDING TRIAL TESTIMONY BY PLAINTIFF WILLIAM KOTIS

As Plaintiff is representing himself at trial, the court issues this order to provide guidance in the event Plaintiff takes the witness stand at trial.

When parties are represented by counsel, testimony is presented at trial by having counsel ask questions and witnesses then respond. Between the asking of a question and the giving of a response, an opponent may lodge an objection. If the trial judge sustains the objection, the question may not be answered. Thus, Plaintiff will be able to raise objections to defense witnesses' testimony before they speak, because defense witnesses' testimony will be presented in question-and-answer form, with defense counsel asking questions and Plaintiff having a chance to object before the witnesses respond. When a party represents himself, it is important to preserve the opportunity for an opponent to raise objections to the same extent they could be raised if the question-and-answer format were used. For that

reason, if Plaintiff testifies at trial, he may not spring a narrative on his opponent, simply sitting in the witness chair and describing events without prior notice to his opponent. Such testimony would rob defense counsel of an opportunity to raise objections before Plaintiff presented evidence to the jury.

If Plaintiff testifies at trial, he may do so in one of two fashions.

First, Plaintiff may choose to ask himself questions and then to answer them. In other words, he may sit in the witness chair, ask a question, then pause to allow an objection. If there is no objection or any objection is overruled, he may answer the very question he asked himself. If an objection is sustained, he may not answer his own question and must move on to another question. If Plaintiff chooses this format, he may take up to the witness stand a list of questions to ask himself, and that list need not be shared with defense counsel, provided the list does not include the answers to the questions. If the list includes answers to the questions, the list must be shared with defense counsel before Plaintiff takes the witness stand, in the same way that Plaintiff will have a chance to look at papers that a defense witness takes to the witness stand before that defense witness testifies.

An alternative to the question-and-answer method involves Plaintiff's writing out of what he intends to say and

showing that to defense counsel before Plaintiff takes the stand. Defense counsel may then object to all or portions of what Plaintiff has written out, and the trial judge will rule on those objections before Plaintiff takes the stand. Plaintiff may then take the witness stand and read only the parts of the statement to which objections have not been sustained. Obviously, the disadvantage of this method is that it gives defense counsel more notice of Plaintiff's testimony than would be the case if Plaintiff were represented by counsel, and more notice than would be the case if Plaintiff simply took to the witness stand a list of questions to ask himself without answers. On the other hand, use of a written statement has the advantage of avoiding the awkwardness of Plaintiff's asking himself questions and then answering his own questions.

      The court leaves it to Plaintiff to select one of the two alternatives set forth above. If Plaintiff selects the written statement method, then Plaintiff must provide the written statement to defense counsel before taking the witness stand. At the latest, Plaintiff must hand a copy of the written statement to defense counsel in the courtroom by the time opening statements are concluded on June 14, 2006.

      However, Plaintiff need not wait that long. Plaintiff is free to send a copy of any written statement of his testimony to defense counsel before the day of opening statements. Defense

counsel must raise objections no later than 8:30 a.m. on the first working day after receiving such a written statement from Plaintiff.  Thus, for example, if the statement arrived on Thursday, June 8, defense counsel would have to raise objections by 8:30 a.m. on Friday, June 9.  Objections must be raised in writing and submitted to the court by the above deadline, with a copy to Plaintiff.  Defense counsel should have a copy delivered to Plaintiff by fax or hand delivery by the above deadline.  The court will then rule promptly on the objections, thereby giving both sides early notice of what may be presented at trial.  Such early notice may be of benefit to both sides.  Early notice would, for example, allow Plaintiff to prepare a revised written statement, taking the rulings on objections into account.  Any such revised written statement must be submitted no later than the close of opening statements.

        The court is faxing this order to Plaintiff in Mississippi (662-345-8527) and to defense counsel in Honolulu (808-586-1369).

IT IS SO ORDERED.

Honolulu, Hawaii; June 7, 2006.

/s/ Susan Oki Mollway
_____
Susan Oki Mollway
United States District Judge

Kotis v. Department of Public Safety, State of Hawaii; Civil No. 04-00167 SOM/KSC; ORDER REGARDING TRIAL TESTIMONY BY PLAINTIFF WILLIAM KOTIS