IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM J. KOTIS, | ) | CIV. NO. 04-00167 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING JURY DEMAND |
| | ) | |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF PUBLIC SAFETY, STATE OF HAWAII, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER REGARDING JURY DEMAND

No party remaining in this case has filed a written jury demand.  However, this court is preparing to try this case to a jury under the circumstances detailed below, unless the parties notify the court otherwise.

At a December 1, 2004, status conference, Magistrate Judge Kevin S.C. Chang noted that the case brought by Plaintiff William J. Kotis had been consolidated with a case brought by Plaintiff Anthony Nesbit; that Nesbit had demanded a jury; and that Kotis would therefore have a jury trial too, given the identical nature of the major claims brought by Kotis and Nesbit. Since that time, claims by Nesbit have been disposed of, leaving only one claim by Kotis.  This remaining claim was not a claim that had ever been mirrored by any of Nesbit's claims.  There is a question as to whether Kotis is entitled to a jury trial on this remaining claim in the absence of a timely jury demand. However, given Magistrate Judge Chang's statement, which was

certainly reasonable at the time, this court is concerned that it would be unfair to Kotis to now deny him a jury trial, if he still desires one.  Kotis is not an attorney and is representing himself, and his reliance on Magistrate Judge Chang's statement appears to have been justified.  The court notes, moreover, that Defendant appears to have been assuming that this matter would be tried to a jury.  Defendant has been aware at least since this court's last dispositive order that only a single claim by Kotis would be tried, yet Defendant has not sought to clarify that the trial would be a nonjury trial.

Given these circumstances, this court is assuming that the parties are in agreement that this matter is to be tried to a jury.  In light of the somewhat confusing circumstances, however, the court will allow, even this close to trial, the parties to clarify their positions and will consider different positions.

If Kotis wishes to be deemed not to have demanded a jury, so that the trial would be a nonjury trial, Kotis must notify the court of this position no later than noon (Hawaii time) on Friday, June 16, 2006.[1]  If Kotis is silent on this

---

[1] Kotis may satisfy this notification requirement by mailing a letter to the court, with a copy to opposing counsel, saying that Kotis is waiving his right to jury trial, provided this letter reaches the court by noon on June 16, 2006.  In the alternative, Kotis may place a collect telephone call by noon on June 16, 2006, to the courtroom manager at (808) 541-1297, and notify the courtroom manager that he wants a nonjury trial.  The courtroom manager will then notify opposing counsel of the content of the call.  If Kotis places such a call, he must follow

matter, the court will conclude that Kotis wishes to proceed with a jury trial. Thus, Kotis need not do anything if he wishes to have a jury, rather than this judge, decide his claim. The court, of course, is expressing no position as to whether it is advantageous or disadvantageous for Kotis to have a jury trial.

If Kotis seeks a nonjury trial and the remaining Defendant objects to the withdrawal of the jury, the remaining Defendant must notify the court of this objection by 3:00 p.m. on Monday, June 19, 2006.

If Kotis keeps his jury trial and Defendant challenges Kotis's right to a jury, Defendant may file a motion to that effect. The court may, however, decide any such motion after the jury trial in this case. The court's thought is that, if Kotis keeps his jury trial and the jury finds in his favor, then, if the court decides even after the trial that the matter should have been a nonjury trial, the court can then issue its findings of fact and conclusions of law. In that event, appeals may be taken, and the Ninth Circuit, depending on whether it finds a right to jury trial or not, will be able to consider either the jury verdict or the judge's findings, without the need for a retrial. If Kotis keeps his jury trial and the jury finds in

---

up by submitting a document stating that he wishes to have a nonjury trial, and that document will be deemed timely if it is received by the court by noon (Hawaii time) on Monday, June 19, 2006.

Defendant's favor, it may be that Defendant will withdraw any motion challenging the right to jury trial.

If this case is to be tried without a jury, the court will not proceed under its usual civil nonjury procedures but instead will permit all testimony to be presented in the same way it would be if presented to a jury.

The court is faxing this order to Kotis in Mississippi ((662) 345-8527) and to defense counsel in Honolulu ((808) 586-1369).

IT IS SO ORDERED.

Honolulu, Hawaii; June 9, 2006.



_____
Susan Oki Mollway
United States District Judge

Kotis v. Department of Public Safety, State of Hawaii; Civil No. 04-00167 SOM/KSC; ORDER REGARDING JURY DEMAND