IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM KOTIS,<br><br>        Plaintiff,<br>vs.<br><br>STATE OF HAWAII DEPT. OF PUBLIC SAFETY, et. al.<br><br>        Defendants. | CIVIL NO. 04-00167 SOM-KSC (Consolidated)<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR NON-JURY TRIAL** |

**MEMORANDUM IN SUPPORT OF MOTION FOR NON-JURY TRIAL**

Per Order of June 9, 2006, this Court solicited positions of the parties with regard to whether or not the sole remaining issue in this case, against the sole remaining defendant should be tried by a jury or by the Court. As pointed out by the Court, Plaintiff Kotis has never filed a jury demand; however, for some period of time, it has been assumed that all issues to be tried would be tried by a jury because this case had been consolidated with the case filed by Anthony Nesbit which did have a jury demand, although Defendant does not concede that Nesbit's jury demand was timely nor properly filed. Since that time all of Nesbit's claims have been dismissed and all of Kotis' claims have likewise been dismissed with the exception of one claim against Cheryl Zembik in her individual capacity.

FRCP Rule 38(d) provides that a jury demand must be made after the commencement of the action and not later than 10 days after the service of the last

pleading directed to such issue. Moreover the jury demand must be filed and served in accordance with FRCP Rule 5(d). It is undisputed that Kotis has never filed a jury demand of any nature.

This case was initiated by Kotis' Complaint filed March 9, 2004. Summons was issued on March 29, 2004 and service was made on May 25, June 21 and July 16, 2004. The defendants filed their Answer on June 1, 2004 placing the case at issue and therefore, the last day for any party to file a jury demand was arguably June 11, 2004.

What is important to note is that the last day to demand a jury was more than five months before the order consolidating the Kotis and Nesbit cases; therefore, it cannot be said that Kotis relied on the Nesbit jury demand. Long before that consolidation, he had waived a trial by jury by not filing a jury demand. What can be said, although clearly not dispositive, is that from the proceedings in this case, it has become clear that Kotis was receiving legal advice and counsel from Nesbit as to the filing and conduct of his case. It follows from the fact that Nesbit himself filed a jury demand (albeit not properly) that Kotis was advised of his right to also file a jury demand and the appropriate deadlines for doing so.

It is true that there has been some tacit acceptance by all of the parties as well as the Court that this was a case to be tried to a jury; however, that does not rise to the level of reliance in a legal sense. Reliance could only arise if Kotis

knowingly waived his right to file for a jury trial based upon the Nesbit demand, but the records show that the consolidation occurred so long after the expiration of time for the filing of a jury demand in this Kotis case that there could be no such reliance. Rule 38 (d) makes it clear that the failure to timely file a jury demand constitutes a waiver of the right to trial by jury.

For all of the foregoing reasons, Defendant Zembick moves this Court to order that the trial proceed by the Court without a jury.

DATED: Honolulu, Hawaii, June 16, 2006.

_____
JOHN M. CREGOR, JR.
Deputy Attorney General

Attorney for Defendant
CHERYL ZEMBIK

194907_1.DOC