

MARK J. BENNETT          2672
Attorney General of Hawaii

CARON M. INAGAKI         3835
JOHN M. CREGOR, JR.      3521
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile:  (808) 586-1369
Email: John.M.Cregor@hawaii.gov

Attorney for Defendant
CHERYL ZEMBIK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM KOTIS,<br><br>           Plaintiff,<br>vs.<br><br>STATE OF HAWAII DEPT. OF PUBLIC SAFETY, et. al.<br><br>           Defendants. | CIVIL NO. 04-00167 SOM-KSC (Consolidated)<br><br>DEFENDANT CHERYL ZEMBIK'S PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE<br><br>Trial Date: July 18, 2006 |

## DEFENDANT CHERYL ZEMBIK'S PROPOSED JURY INSTRUCTIONS

COME NOW DEFENDANT CHERYL ZEMBIK, by and through her

attorneys, Mark J. Bennett, Attorney General of Hawaii, and Caron M. Inagaki and

John M. Cregor, Jr., Deputy Attorneys General, hereby respectfully submits her

Proposed Jury Instructions as follows: The parties were unable to meet and confer prior to the date that these jury instructions were due to the Court.

Defendant incorporates into her proposed jury instructions the following General Federal Jury Instructions in Civil Cases for Judge Susan Oki Mollway: 1(A), 1(B), 2, 4, 5, 6, 7, 11, 12, 14, 15, 16, 18(A), 21, 22, and 23.

In addition, Defendant submits additional two instructions attached hereto.

Defendant reserves the right to withdraw any instructions, to add new instructions and/or to modify any instructions. By submitting these instructions, Defendant does not admit or concede that any particular issue is or may be properly submitted to the jury, nor does Defendant admit or concede that any particular issue is a jury issue as opposed to a matter to be decided by the Court.

DATED:    Honolulu, Hawai'i, July 13, 2006.

JOHN McGREGOR, JR.
Deputy Attorney General

Attorney for Defendant
CHERYL ZEMBIK

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

DEFENDANT'S PROPOSED FEDERAL JURY
INSTRUCTION NO. 1

In this case, Plaintiff, William Kotis, is claiming that while incarcerated at the High Security Facility of the Halawa Correctional Center, he was, on or about September 19, 2002 assaulted and beaten by one or more fellow inmates. As a result of that assault and beating, he:

Suffered physical injuries that were more than minimal;

Felt in fear of is continued physical safety if he would continue to be housed in the same "quad;"

He reported the assault and his fear for his physical safety to appropriate prison authorities, more specifically, Defendant, Cheryl Zimbeck, who was a social worker employed at the Halawa Correctional Facility and that she did nothing. As a result of Zimbeck's inactions, Plaintiff Kotis suffered damages.

If you find by a preponderance of the evidence that:

1. Kotis was actually assaulted and beaten by one or more fellow inmates on or about September 19, 2002, while in his assigned quad at the High Security Facility of the Halawa Correctional Facility, and

2. As a result of the assault, Kotis received physical injuries that were more than minimal; and

3. As a result of the assault and beating, Kotis was in fear for his physical safety if he continued to be housed in the same quad; and

4. Within a reasonable time after the assault, Kotis had a conversation with Cheryl Zimbeck and told her that he had been assaulted and beaten and that he was in fear for his physical safety if he continued to be housed in the same quad; and

5. Cheryl Zimbeck did nothing after being advised of Kotis' beating and fear; and

6. Cheryl Zimbeck's inaction in the face of being advised by Kotis amounted to "deliberate indifference"; and

7. After, and as a result of Cheryl Zimbeck's deliberate indifference, Plaintiff Kotis suffered physical injury which was more than minimal,

Then you may find for the Plaintiff.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

DEFENDANT'S PROPOSED FEDERAL JURY
INSTRUCTION NO. 2

"Deliberate Indifference" means having actual knowledge of a substantial and foreseeable risk of danger, or that the danger would be apparent to a reasonable person and intentionally or recklessly disregarding that risk of danger. Recklessness is highly unreasonable conduct or a gross departure from ordinary care in a situation where a high degree of danger is apparent. To be deliberately indifferent, the conduct must be so inadequate or excessive as to shock the conscience or be intolerable to fundamental fairness.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM KOTIS,<br><br>    Plaintiff,<br>vs.<br><br>STATE OF HAWAII DEPT. OF PUBLIC SAFETY, et. al.<br><br>    Defendants. | CIVIL NO. 04-00167 SOM-KSC<br>(Consolidated)<br><br>**CERTIFICATE OF SERVICE** |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 13, 2006, a copy of the foregoing document was served on the following at his last known addresses via U.S. mail, postage prepaid as follows:

> William Kotis #93216-022
> Federal Detention Center
> P. O. Box 30080
> Honolulu, Hawaii 96820
>
> Plaintiff Pro Se

DATED: Honolulu, Hawaii, July 13, 2006.

_____
JOHN M. CREGOR, JR.
Deputy Attorney General

Attorney for Defendant
CHERYL ZEMBIK