**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
JUL 18 2006
at 9 o'clock and 5 min. 9 M
SUE BEITIA, CLERK

| | |
|---|---|
| William Kotis, pro-se Plaintiff ) vs. ) Dept. of Public Safety State of Hawaii et. al, Defendants ) | Civil No. 03-00455 SOM-KSC consolidated with Civil No. 04-00167 SOM-KSC |

<u>Motion For Relevant and Most Important Requested Exhibits (included Plaintiff's July 06, 2006 Exhibit List)</u>

    Plaintiff moves this Court to add his Exhibits that he brought to Court July 6, 2006 which were also submitted to the Court's record from both Plaintiff and defendant.

    Plaintiff's case is being prejudiced in its entirety and without these very important and relevant Exhibits I will have absolutely no merit left since I have already been denied Discovery, and denied witnesses, and denied councel.

    Without these very important and relevant Exhibits, Plaintiff's case will be entirely and completely obliterated. Especially without Exhibits (I), (II), (III), (IV).

    Plaintiff's July 6, 2006 Exhibits are needed for the following reasons:

(A) To establish a genuine issue of material fact that defendant Zembik was deliberate indifferent to Kotis during months of Sept. and October by not following Halawa's P. and P.'s, violating Plaintiff's 8th Amendment Right, denied Plaintiff protective custody, and denied other rights and did all this with callous disregard.

(B) Needed for purpose of demonstrating how even after notifying Zembik of the assaults in writing she did nothing but left me fearing for my life and caused further assaults and cracked tooth to occur upon Plaintiff. Exhibit (V)

1

(C) Needed to show Zembik was further callous and deliberate indifferent by placing me knowingly into a cell with a known violent prison gang member that Plaintiff was already having very serious problems with and Zembik was previously well aware of these facts. Exhibits (I) through (VIII)

(D) Plaintiff needs Exhibits to refute defendant's absurd claim that he never requested P.C. during Sept. and Oct. 2002. Exhibits (I),(II)

(E) To demonstrate a genuine issue of material fact the documents show I kept requesting protection from Zembik and she clearly violated my 8th Amend. rights by continuously keeping me where I kept getting beaten-up even after documents (Exhibits (I),(II)) state I had requested protective custody and immediate help from danger.

(F) To refute Gary Kaplan's declaration and Cinda Sandin's interrogatories.

(G) To show lack of reliability and credibility concerns to Gary Kaplan and Cinda Sandin's written as well as possible future trial testimony from them

(H) To refute Sgt. Bogish's declaration and proposed trial testimony if he takes witness stand. Exhibit (I)

(I) Exhibits (I) through (VIII) so are needed because they reflect and infer the serious danger of my situation due to fact Honolulu Police had to come to Halawa to get me removed out of Module C since prison officials, Zembik kept refusing to move me out of Module C.

(J) To refute Zembik's witness Sandin's written statement when Sandin lied by writing I "agreed to try a small quad in Module C" Nov. 18th/02 above it on the complaint/grievance resolution section is my request "To be moved immediately out of Module C" Oct. 26th/02

(K) To refute Zembik's medical doctors testimony regarding my allegations, and her witnesses' testimony on my other matters relating to my medical records and care.

2

Ⓛ Exhibits Ⓘ, Ⓘ̄Ⓘ, Ⓘ̄Ⓘ̄Ⓘ, Ⓥ, Ⓥ̄Ⓘ, ⓍⒾⒾⒾ, ⓍⒾⓋ, ⓍⓋ needed to show FactFinders Constitutional rights and prison policy (P.P's) were violated and to refute Zembik's witness statements that they quickly provide safety for plaintiff.

Ⓜ Kaplan's Interrogatories likely would be needed to aid in establishing the violations, inconsistencies with defendant's statements and their coverups.

Ⓝ My entire foundation, substance and summarization for this civil action stems from Exhibits Ⓘ, Ⓘ̄Ⓘ and Ⓘ̄Ⓘ̄Ⓘ

Ⓞ My complaint and legal theory is premised on Grievance 86632 which is Exhibit Ⓘ, and Grievance 88292 which is Exhibit Ⓘ̄Ⓘ

Ⓟ For the past 4 months I have already wrote Exhibit Ⓘ and Ⓘ̄Ⓘ into my Trial's Opening statement, closing statement and anticipated it being all throughout the 2½ hours I've been allotted for the total maximum allowed to conduct everything else including cross examinations, surrebuttal, impeachment purposes and other demonstrative aids. There will and can be no trial without them.

Ⓠ Still need Kaplan's Interrogatories for impeachment due to majority of all these Interrogatories with the exception of possible Sandin, have not even been answered by defendants but rather were done by the Attorney General him or herself because too many answers are identical word for word.

Ⓡ Declarations ← (plural) of Monica Lortz and Interrogatories for Clayton Frank and Edwin Shimoda were not given.

Ⓢ In addition the Ombudsman complaints I filed during Sept. Oct. of 2002 and the complaints I filed with A.C.L.U. plus stats from both are also relevant and needed for the trier of fact to view.

Exhibit List (I) through (XVI)
From Motion For Relevant and Most Important Requested Exhibits
(included Plaintiff's July 06, 2006 Exhibit List)

- (I) Grievance 86632 dated Oct. 26, 02 and Nov. 8, 02
- (II) Grievance 88292 dated Nov. 19, 02 and Dec. 17, 02
- (III) Incident Report to Nolan Espinda thru Capt. Aguon
- (IV) Incident Report to Capt. Aguon thru Lt. Supnia
- (V) Multidisciplinary Progress Notes
- (VI) Pre-Hearing Detention Notice
- (VII) Viliami's letter to Judge
- (VIII) Segregation Action Request
- (IX) Medical Report
- (X) Clinical Treatment Record for single treatments
- (XI) Sandin's two page regarding policies on housing
- (XII) Sandin's Unit requests about gang fights
- (XIII) Medical history
- (XIV) Medical history
- (XV) Medical history
- (XVI) Sandin's Unit requests re: Gangs in P.C.

4

In the United States District Court
for The District of Hawaii

William Kotis, pro se
Plaintiff

vs.

State of Hawaii Dept.
of Public Safety, et. al.

Civil No. 03-00455 SOM-KSC
consolidated with
Civil No. 04-00167 SOM-KSC

## Certificate of Service

The undersigned hereby certifies a copy was mailed or hand delivered on the following at his/her last known address via U.S. mail, prison officials or hand delivered.

John M. Cregor, Jr. c/o Attorney General
425 Queen Street
Honolulu, HI 96813
Defendant's Attorney

Dated July 15, 2006 Honolulu Federal D.C.

William Kotis
Plaintiff, pro-se
William Kotis