⑤ 706-660.1, 134-6 of HRS sentence for Firearm in Felony can not be put in.

⑥ Defendant requests access to all factual information used in sentencing see 67H.408, this request includes statistics I have been requesting on the sentences given to all people convicted of killing their spouses from 1987-1997, for all other murders during 1987-1997, for the last 20 years, and other statistics I need to get a fair sentence.

⑦ Request for pre-sentence medical and mental examinations.

⑧ Request for copy of probation office's recommendation letter on defendant.

⑨ Defendant has been used prejudicially to further the political advancements of many and they are trying to use me for the 2002 state and national elections. Defendant requests sentencing be postponed to after elections.

⑩ Statute of Limitations on the kidnapping and terroristic threatening charges were long beyond the time limits of 701-108 HRS. when I was convicted for them.

⑪ Defendant has right to call witnesses and wants information on how to go about arranging for witnesses for sentencing.

⑫ Need councel to challenge aggravating circumstance asserted in penalty phase.

⑬ Need to see the pre-sentence report and other things that may be used in sentencing and to go over the strategy with a competent councel.

⑭ As to date state has not attempted to contact my friends, family, teachers neighbors, coaches for the sentencing and pre-sentencing reports.

⑮ Need compulsory process and cross examinations of witnesses that appear at this sentencing hearing.

⑯ HRS 706-604 Need to be afforded fair opportunity to controvert and also to supplement pre-sentence report once I see it and this must be with atleast co-councel, standby councel or regular competent councel.

⑰ Major conflict exists with this sentencing due to prosecution was never informed by Bettencourt about my wagers and willingness to make deals and to work for them. This should have been atleast mentioned since defendant had constantly brought it up to his lawyer that it was his burning desire to do and fact that I also knew family of the prosecutor that was handling case. It all could and should of been handled without the burdens of trial.

PLAINTIFFS EXHIBIT 104

(18) 18 USC 3584(A), terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. And it is established that defendant's sole objective was in fact to take Lynn Kotis home unharmed.

(19) Strike any mental health examiners reports for purposes of sentencing that were used for 3 panels or for involuntary medication hearings. All of them were very impersonal and void of any significant background or family history. A true exam would provide a more balanced true view of defendant's personality and deep remorse.

(20) Entire file of earlier proceedings must be presented to court for examination for sentencing 602 P2d 927, HRS 706-606.5.

(21) Purpose of sentence enhancement is to punish those who violate law repeatedly this can not apply to me. This is my first time. 683 P2d 1272

(22) If there is but one intention one general impulse and one plan there is but one offense. State v. Martin 62 Haw 368. Thus is the occurance in my case.

(23) HRS 706-662(4) is only for protection of public. Public definetly doesn't need any protection from me. Public needs me to continue helping them as I did before this horrible tragedy happened. Refer to my motions and what I wrote on the pre-sentence report. Can consider candor, conduct, remorse and background as well as how I tried, tried getting people to help. I pleaded even begged and desperately tried before all this happened on Sept. 7, 1992. Also I was civil with victim Greg Whittman before the tragedy and did not use or try to use knife on them.

(24) I have not engaged in illegal activities since the 70's and even then all I did was use drugs but no other crimes at all.

(25) I used to and still to this day continue to fight crime.

(26) Worked volunteerily with youth to deter them from getting involved in gang activity and other negative behavior.

(27) Sentencing must give appropriate recognition to my potential for rehab and my non threat to society state v. Huelsman 60 Haw. at 89, also state v. Nunes 842 P2d 837.

(28) In sentencing prisoner was a model, attempted to further education in jail and the victim precipitated the shooting. AZ v. Watson 628 P2d 943. This is my situation in these three areas. Greg Wittman did precipitate the shooting in my case. As he admits in court he attacked while I'm unarmed.

㉙ In AZ v Gerlaugh 698 P2d 696 hasty impulsive act and/or psychiatric evidence should be considered because it may suggest some reason why defendant should receive leniency including a difficult family history.

㉚ Kidnapping 707-720 ① person intentionally or knowingly restrains another with the intent to (c) Facilitate a Felony or Flight thereafter. As the evidence showed I had stuff to read to Lynn in that rental car and had her property that I also was gonna give to her. I did not kidnap Lynn according to 707-720. (A)(B)(D)(E)(F) do not apply to me. (c) may suggest I did but all the evidence proves otherwise. Perhaps it was unlawful imprisonment.

㉛ Terroristic Threatening 1° Dangerous instrument defined when it is known to be capable of producing death or serious bodily injury when used in the manner it is threatened to be used. 880 P2d 213, 884 P2d 1149. Very sure Greg or Lynn was not terrorized by that knife. It was pointed at no one in fact Greg was choking me from behind. My intent was not to harm anyone remember I dropped the knife. Intent to terrorize defined as intent to cause or the reckless disregard of the risk of causing another person to have serious alarm for personal safety, see 650 P2d 603. The knife was in no way used in such manner to constitute that charge. I did not take the knife out until Greg started choking me from behind.

㉜ There is no deterrence value that can be derived from sentencing me to large term of imprisonment due to the simple fact that anyone subjected to all I was put through which left me way way out of my mind and emotions as I was then at September 1992 especially at 7:07 PM wouldn't stop anyone, even if the law said torture them, ebola coated razor blade slides everyday for the rest of their lives with pus for food or something similar to that effect it wouldn't matter in that frame of being. From all the effects they would still do it. It's a reaction at that point, automatically.

㉝ Defendant has been subjected to extreme torment, loneliness, hardships even mental and physical torture these last ten years. His left knee is still dislocated from an intentional retributive attack. Forced medicated high dosages of very detrimental drugs because of his beliefs and depression. Suffers emotionally daily due to the loss of his best friend, wife and first love. Suffers daily thinking and worrying about what became of their son which is my only family. It is so ordered that defendant be released to a program already. He is the most remorseful person in Hawaii.