CORRESPONDENCE

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BOULEVARD, ROOM C-409
HONOLULU, HAWAII 96850-0409

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

TELEPHONE
(808) 541-1720
FACSIMILE
(808) 541-1724

February 16, 2007

Mr. Anthony Nesbit
Tallahatchie County Correctional Facility
295 US Highway 49 South
Tutwiler, Mississippi 38963-6900

Mr. William J. Kotis
A0182281
Tallahatchie County Correctional Facility
295 US Highway 49 South
Tutwiler, Mississippi 38963-6900

Mr. John M. Cregor, Jr.
Office of the Attorney General-Hawaii
425 Queen Street
Honolulu, Hawaii 96813

Mr. Girard Lau
Office of the Attorney General-Hawaii
425 Queen Street
Honolulu, Hawaii 96813

Ms. Kimberly Tsumoto Guidry
Office of the Attorney General-Hawaii
425 Queen Street
Honolulu, Hawaii 96813

Re:    Nesbit/Kotis v. Department of Public Safety, et al.
       Civil Nos. 03-00455 SOM/KSC and 04-00167 SOM/KSC

Dear Mr. Nesbit, Mr. Kotis, and Defense Counsel:

Having reviewed the Ninth Circuit's decision in Aholelei v. State of Hawaii, issued on February 14, 2007, I am writing to you about the pending appeal in the Nesbit/Kotis case, docketed in the Ninth Circuit as No. 06-16623 and in the district court as Civ. Nos. 03-00455 and 04-00167. A copy of the Aholelei decision is attached for your convenience.

As you can see from the Aholelei decision, the Ninth Circuit is sending that case back for further action by me. I am wondering whether you think it makes sense for me to also revisit my related rulings in your case in light of Aholelei. It is my understanding that the appeal in your case was stayed given what you anticipated would be the earlier decision in the related Aholelei case. Now that I am being instructed to

Mr. Anthony Nesbit
Mr. William Kotis
Mr. John M. Cregor, Jr.
Mr. Girard Lau
Ms. Kimberly Tsumoto Guidry
February 16, 2007
Page 2

revisit my Aholelei ruling, it may make sense for me to also revisit some of my rulings in your case.

If any party is considering asking me to revisit my rulings in your case, you may want to know that I would be inclined to revisit those rulings in light of Aholelei. Of course, I am not in a position to say that, if I revisited my rulings in your case, the result would or would not change. However, I would be inclined, if asked, to agree to allow supplemental briefing in light of Aholelei and to hold additional hearings, which possibly would result in a change.

If the Aholelei decision causes you to be interested in having me revisit my rulings in your case, you might consider following the procedure set forth in Smith v. Lujan, 588 F.2d 1304 (9th Cir. 1979). In that case, the Ninth Circuit said that a party who wanted a district judge to reconsider a matter while the matter was pending on appeal "should have asked the district court to indicate if it wishes to entertain the motion, or to grant it, and then [the party] could have moved [the Ninth Circuit] for remand of the case." Id. at 1307. Thus, any party in your case may submit a formal request asking me to indicate if I wish to entertain a reconsideration motion, and, if I do wish to entertain a motion, you may then ask the Ninth Circuit to remand the case to me. I am attaching a copy of the Smith decision for your convenience.

I will not have jurisdiction over the Aholelei case until the mandate has issued from the Ninth Circuit, which typically does not happen until after the time for filing a reconsideration motion in the Ninth Circuit. If your case were returned to me, it might make sense for me to consolidate a hearing in your case with a hearing in the Aholelei case.

Very truly yours,

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Enclosures

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2007

CATHY A. CATTERSON, CLE[RK]
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM S. AHOLELEI,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>Defendants - Appellees. | No. 06-15086<br><br>D.C. No. CV 04-00414 SOM-KSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted January 10, 2007
San Francisco, California

Before:   HUG and W. FLETCHER, Circuit Judges, and HOLLAND[**], District Judge.

William S. Aholelei appeals the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action, in which he alleged that the

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

defendants had violated his Eighth Amendment rights by failing to protect him from harm while he was incarcerated. Aholelei contends that the district court erred in granting summary judgment on sovereign immunity, mootness, and qualified immunity grounds.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

The district court did not err in granting summary judgment on Aholelei's claims for monetary damages against the State and the individual defendants in their official capacities, although we affirm for a reason other than sovereign immunity. *See Welch v. Fritz*, 909 F.2d 1330, 1331 (9th Cir. 1990) (court may affirm on any ground supported by the record). Because "[a] state and its officials acting in their official capacities are not considered 'persons' within the meaning of § 1983," they cannot be held liable under the statute for money damages. *Bank of Lake Tahoe v. Bank of Amer.*, 318 F.3d 914, 918 (9th Cir. 2003) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002)). Thus, Aholelei did not have any viable claims for monetary relief against the State and the

---

[1] The district court also granted summary judgment to the individual defendants in their individual capacities on a failure to state a claim for relief theory because Aholelei had failed to make out a constitutional violation. Although Aholelei does not expressly challenge this holding by the district court, the qualified immunity issue encompasses the question of whether there has been any violation of Aholelei's constitutional rights.

2

individual defendants in their official capacities, irrespective of whether the state and the individual defendants in their official capacities did or did not lose their sovereign immunity by bringing third-party defendants into this case.

The district court also did not err in granting summary judgment on Aholelei's claims for injunctive relief. Aholelei is now on parole. "An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies . . . ." *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995). There is no reason to depart from this general rule in this case.

The district court reached only the first inquiry in the qualified immunity analysis, concluding that there had been no violation of Aholelei's Eighth Amendment rights. *See Dias v. Elique,* 436 F.3d 1125, 1131 (9th Cir. 2006) ("[W]e must first evaluate whether, taking the facts in the light most favorable to the non-moving parties and drawing inferences in their favor, those facts establish that the official's conduct violated a constitutional right."). Insofar as the district court treated "advance notification [as] a necessary element of an Eighth Amendment failure-to-protect claim," this was in error, and we remand for reconsideration consistent with the Supreme Court's holdings in *Farmer v. Brennan,* 511 U.S. 825, 848 (1994).

3

In its evaluation of whether there had been a constitutional violation, the district court did not consider any of Aholelei's evidence, which consisted primarily of litigation and administrative documents involving another prisoner and letters from other prisoners. Although much of the evidence was presented in an inadmissible form, the contents of the evidence would be admissible at trial if the other inmates were called as witnesses. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). Thus, the district court abused its discretion in excluding Aholelei's evidence from its consideration of whether his constitutional rights had been violated. Although our review is *de novo, see Motley v. Parks*, 383 F.3d 1058, 1062 (9th Cir. 2004), we remand to the district court to allow it to consider Aholelei's evidence in the first instance. Because we are remanding the qualified immunity question, Aholelei's motion to take judicial notice is denied. We leave it to the district court to decide whether the record in this case should be re-opened for the submission of additional evidence.

In sum, we affirm the grant of summary judgment on Aholelei's claims for monetary damages against the State and the individual defendants in their official capacities and on Aholelei's claims for injunctive relief. We vacate the grant of

summary judgment to the individual defendants in their individual capacities under both the failure to state a claim for relief theory and the qualified immunity theory and remand to the district court with instructions to consider Aholelei's evidence in evaluating whether there has been any violation of his constitutional rights.

AFFIRMED in part, VACATED in part, and REMANDED.

Westlaw.

588 F.2d 1304

Page 1

588 F.2d 1304
**(Cite as: 588 F.2d 1304)**

▷
Smith v. Lujan C.A.Guam, 1979.
United States Court of Appeals, Ninth Circuit.
Kenneth C. SMITH, Plaintiff-Appellee,
v.
Manuel U. LUJAN, Administrator of the Estate of Pedro Camacho Lujan, deceased, Defendant,
Julita Lujan Arriola and Jovita Lujan Reyes, Defendants-Appellants.
Rosita R. Smith, Intervenor-Appellee.
No. 77-1900.

Jan. 5, 1979.

Lessee brought action against lessor's heirs for reexecution of a lost lease. From a judgment entered in the District Court of Guam, Cristobal C. Duenas, J., lessor's heirs appealed. The Court of Appeals, Chambers, Circuit Judge, held that: (1) trial court did not err in holding that a suit in equity for reexecution of lost lease was not a "claim, or demand against the estate," for purposes of statute prohibiting introduction of testimony or documentary evidence from parties or their assignees, against decedent's representative upon a claim or demand against the estate of a deceased person; (2) evidence sustained finding that written lease had been executed in 1960 and that Thermofax copy was a reliable copy of that lease and reflected its terms, and (3) doctrine of res judicata did not preclude lessee's action, since prior order had determined only that the island court had been without jurisdiction to order the administrator to execute the lease, but did not dispose of issues presented in subsequent action as to whether lease was executed in 1960 and, if so, its terms, and whether the executed copies were indeed lost.

Affirmed and remanded.
West Headnotes
**[1] Statutes 361** ⌬226

361 Statutes
   361VI Construction and Operation
      361VI(A) General Rules of Construction
         361k226 k. Construction of Statutes Adopted from Other States or Countries. Most Cited Cases
In action brought by lessee against lessor's heirs for reexecution of lease, trial court did not err in relying upon California law in interpreting provisions of Guam Code of Civil Procedure, since Guam's "dead man" statute was identical to provision of California Code of Civil Procedure and since Guam courts often relied on California law in interpreting provisions of Guam Code of Civil Procedure. Code Civ.Proc. Guam, § 1880, subd. 3; West's Ann.Cal.Code Civ.Proc. § 1880, subd. 3 (Repealed).

**[2] Witnesses 410** ⌬133

410 Witnesses
   410II Competency
      410II(C) "Dead Man'S" Statutes and Rules
         410k127 Actions and Proceedings in Which Testimony Is Excluded
            410k133 k. Claim or Demand Against Estate of Decedent or Incompetent Person. Most Cited Cases
In action brought by lessee against lessor's heirs for reexecution of lease, trial court did not err in holding that a suit in equity for reexecution of lost lease was not a "claim, or demand against the estate," within meaning of statute prohibiting the introduction of testimony or documentary evidence from parties or their assignees against decedent's representatives upon a claim or demand against the estate of deceased persons as to any matter or fact occurring before death of such deceased person. Civil Code Guam, § 1880, subd. 3.

**[3] Landlord and Tenant 233** ⌬25

233 Landlord and Tenant
   233II Leases and Agreements in General
      233II(A) Requisites and Validity
         233k25 k. Execution. Most Cited Cases
(Formerly 233k25(1))

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

588 F.2d 1304

Page 2

588 F.2d 1304
**(Cite as: 588 F.2d 1304)**

In action brought by lessee against lessor's heirs for reexecution of a lost lease, evidence was sufficient to sustain finding that written lease had been executed in 1960 and that Thermofax copy was a reliable copy of that lease and reflected its terms.

**[4] Judgment 228 ⇐715(3)**

228 Judgment
    228XIV Conclusiveness of Adjudication
        228XIV(C) Matters Concluded
            228k715 Identity of Issues, in General
                228k715(3) k. What Constitutes Diversity of Issues. Most Cited Cases
Doctrine of res judicata did not preclude lessee's action against lessor's heirs for reexecution of lost lease, since prior order had determined only that the island court had been without jurisdiction to order the administrator to execute the lease, but did not dispose of issues presented in subsequent action as to whether lease was executed in 1960 and, if so, its terms, and whether the executed copies were indeed lost.

**[5] Federal Courts 170B ⇐683**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(F) Effect of Transfer and Supersedeas or Stay
            170Bk681 Effect of Transfer of Cause or Proceedings Therefor
                170Bk683 k. Amendment, Vacation, or Relief from Judgment. Most Cited Cases
District court had no jurisdiction to make order denying motion for relief from judgment after notice of appeals had been filed, in absence of a remand from Court of Appeals. Fed.Rules Civ.Proc. rule 60(b), 28 U.S.C.A.

**[6] Federal Courts 170B ⇐922**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(L) Determination and Disposition of Cause
            170Bk922 k. Remand Without Decision. Most Cited Cases

**Judgment 228 ⇐712**

228 Judgment
    228XIV Conclusiveness of Adjudication
        228XIV(B) Persons Concluded
            228k706 Persons Not Parties or Privies
                228k712 k. Judgment as Evidence of Title or Link in Chain of Title. Most Cited Cases
Lessee's default in action to quiet title brought by lessor's heirs was not conclusive of claims or rights of others who possibly held under lessee, and therefore, lessor's heirs' motion to remand proceeding for reexecution of lost lease on ground that it was no longer equitable that district court's judgment should have prospective application would be denied. Fed.Rules Civ.Proc. rule 60(b)(5), 28 U.S.C.A.

**[7] Federal Courts 170B ⇐683**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(F) Effect of Transfer and Supersedeas or Stay
            170Bk681 Effect of Transfer of Cause or Proceedings Therefor
                170Bk683 k. Amendment, Vacation, or Relief from Judgment. Most Cited Cases
District court lacked jurisdiction to rule on motion for correction of clerical error in judgment after notice of appeal was filed, since district court did not obtain leave of Court of Appeals. Fed.Rules Civ.Proc. rule 60(a), 28 U.S.C.A.

\*1305 John A. Bohn (argued), Benicia, Cal., for defendants-appellants.
Robert D. Wyatt (argued), Joaquin C. Arriola (argued), Agana, Guam, for plaintiff-appellee.

Appeal from the District Court of Guam.

Before CHAMBERS and ANDERSON, Circuit Judges, and KING, District Judge. [FN\*]

    FN\* The Hon. Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

588 F.2d 1304                                                                                                    Page 3

588 F.2d 1304
**(Cite as: 588 F.2d 1304)**

CHAMBERS, Circuit Judge:
Julita Lujan Arriola and Jovita Lujan Reyes, the daughters and heirs of decedent Pedro C. Lujan, appeal from the judgment in favor of plaintiff Kenneth Smith,[FN1] ordering reexecution of a lease as to two lots (Nos. 2019-B and 2019-E in Tamuning, Dededo) which descended to them in fee from their father's estate.[FN2] They also seek to appeal from an order denying relief from the judgment under Rule 60(b), F.R.Civ.P.

> FN1. Rosita S. Smith, plaintiff's former wife, was permitted to intervene as an appellee by this Court and she has prosecuted the appeal. Kenneth Smith has taken little, if any, role in it.
>
> FN2. The action was against the Administrator of the Lujan Estate, but his daughters were permitted to intervene as parties defendant after the lots were distributed to them as tenants in common. The present administrator has taken no role in the appeal.

The judgment ordered the reexecution of the lease, based on the district court's findings that one had been executed by Smith (as lessee) and the decedent (as lessor) in 1960, for a term of 30 years, renewable at Smith's option for another 20 years, at a monthly rate of $500. In their appeal from *1306 the judgment, appellants contend that evidence was improperly admitted in violation of Guam's "dead man" statute, Guam Code of Civil Procedure, Section 1880(3). They also contend that the evidence was insufficient to support the judgment. We reject both arguments.

The Guam Code of Civil Procedure is based on the California Code of Civil Procedure and Section 1880(3) is identical to Section 1880(3) of the California Code of Civil Procedure prior to its repeal in 1967. It prohibits the introduction of testimony or documentary evidence from parties or their assignees, against the decedent's representative: ". . . upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person."

California has consistently interpreted this language as applying only to money demands against the estate. E. g. Bollinger v. Wright, 143 Cal. 292, 76 P. 1108 (1904). Appellants recognize this but argue that California law should not be consulted.

[1][2] They admit, as they must, that Guam courts often rely on California law in interpreting the provisions of the Guam Code of Civil Procedure. They offer no satisfactory authority for their argument that it was improper to do so in this instance. Absent controlling Guam authority interpreting Section 1880(3), it was appropriate to look to California law for guidance and to hold that a suit in equity for reexecution of a lost lease is not a "claim, or demand against the estate."

[3] Appellants' claim of insufficiency of the evidence is similarly without merit. There was ample evidence to support the judgment, particularly in view of the traditional presumptions available to the appellee on appeal. Kenneth Smith testified that in 1963 he was asked by the attorney for the Lujan estate to discuss arrearage in rents due from the lots in question. At that time he took his executed copy of the 1960 lease, one bearing original signatures, and met with the attorney. A copy of his executed copy was made on the attorney's Thermofax machine but apparently he left his executed copy at the office and did not retrieve it. In 1968, when Smith was contemplating subletting the property, he realized that his copy was missing and could not locate any other copy bearing original signatures. He asked the administrator to execute a new lease and, on advice of counsel, the administrator petitioned the Island Court (now Superior Court of Guam) for permission to do so. The petition was granted and a new lease executed for the unexpired term of the 1960 lease. As we discuss more fully below, this 1968 lease was later held to be void, thus prompting the instant suit in district court.

Appellants admit receiving rents from Kenneth Smith for the two lots since their father died.[FN3] The main disagreement is not as to the existence of a leasehold agreement, but rather its terms. Kenneth Smith offered the Thermofax copy of the lease in evidence, he testified that it represented the terms

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

588 F.2d 1304                                                                                                                   Page 4
588 F.2d 1304
(Cite as: 588 F.2d 1304)

agreed upon in 1960, and that it was a copy of the original lease. The only signature visible on it, however, was that of the notary. The notary testified that it was his signature and he and the estate attorney offered other testimony that corroborated Smith's evidence in significant respects. In addition, there was expert testimony that the absence of visible signatures on the Thermofax copy might be explained by the inability of that process to reproduce certain types of ink.

>    FN3. They have also claimed that his payments were irregular and that he allowed arrearages to develop.

The evidence was sufficient to support the conclusions that the written lease had been executed in 1960 and that the Thermofax copy was a reliable copy of that lease and reflected its terms. Appellants' attack on the sufficiency of the evidence is largely an attack on the credibility of witnesses and we have no reason to interfere with the trial court's findings on those matters. See *1307 United States v. Oregon State Medical Soc., 343 U.S. 326, 332, 72 S.Ct. 690, 96 L.Ed. 978 (1952).

[4] In 1972, the Island Court determined that in the 1968 proceedings proper notice had not been given to appellants, who were heirs. As a result, it had been without jurisdiction and the 1968 lease was void. Appellants argue that the 1972 order operates to bar the present litigation, under the doctrine of res judicata. We are dealing here with a traditional suit in equity for the reexecution of a lost instrument. The issues to be determined on the merits were whether a lease was executed in 1960 and, if so, its terms, and whether the executed copies were indeed lost. The 1972 order of the Island Court determined only that that court has been without jurisdiction to order the administrator to execute the 1968 lease; it did not dispose of the present issues on their merits. The doctrine of res judicata extends only to issues that have been litigated on their merits in another action (Parker v. Westover, 221 F.2d 603 (9th Cir. 1955); Boling v. United States, 231 F.2d 926 (9th Cir. 1956)) and it is therefore not applicable in this case.

The judgment was followed by a motion under Rule 60(b) for relief from judgment, which was denied prior to the filing of the notice of appeal from the judgment. Appellants raise no issues on appeal related to that motion.

[5] Following the filing of the notice of appeal, another Rule 60(b) motion was made in district court, where it was filed, entertained and denied. Appellants seek to appeal that order of denial, but the district court had no jurisdiction to make the order appealed from. The district court could not dispose of the motion, after the notice of appeal had been filed, without a remand from this court. The proper method of proceeding is described in Crateo, Inc. v. Intermark, Inc., 536 F.2d 862 (9th Cir. 1976); Canadian Ingersoll-Rand Co. v. Peterson Products, 350 F.2d 18 (9th Cir. 1965); Creamette Co. v. Merlino, 289 F.2d 569 (9th Cir. 1961); and Greear v. Greear, 288 F.2d 466 (9th Cir. 1961). Appellants should have asked the district court to indicate if it wished to entertain the motion, or to grant it, and then (if appellants thought it appropriate) they could have moved this court for remand of the case. This was not done. Accordingly, the attempted appeal is dismissed.

[6] We are aware of the district court's intent to deny relief as requested in the Rule 60(b) motion, and in the interest of judicial economy, we are inclined in this case [FN4], to treat the notice of appeal from the Rule 60(b) order as a motion for remand. In that framework, we will consider the arguments made in appellants' motion. The motion under Rule 60(b)(5) proceeds on the premise that as Kenneth Smith has permitted a default to be taken against him in an action to quiet title in the Superior Court of Guam (an action filed after entry of judgment in this case) ". . . it is no longer equitable that the judgment (of the district court) should have prospective application." The record before us includes a proposed answer (later abandoned) to the quiet title action in which Kenneth Smith alleges that his interest in the leasehold has been transferred to Rosita S. Smith, the appellee in intervention. Rosita S. Smith's motion to intervene similarly indicated that she had an interest in the leasehold. We therefore have the same concern as that expressed by the district court in its order of May

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

588 F.2d 1304

Page 5

588 F.2d 1304
**(Cite as: 588 F.2d 1304)**

17, 1977, (albeit an order made when the court had no jurisdiction) that Smith's default should not be deemed as conclusive of the claims or rights of others who possibly hold under him.[FN5] The existence of such rights in the leasehold can better be determined elsewhere. Moreover, the district *1308 court would not be obliged at this stage of the proceedings to make determinations on questions of fact and law as to appellants' claims of a breach of the lease by Smith or those holding under him. Treating the motion under Rule 60(b) as a motion for remand, we deny the remand.

> FN4. We might not be so inclined in another case presenting other facts. We note, inter alia, that in this case the appellees objected properly (but unsuccessfully) to the district court attempting to exercise jurisdiction after the appeal had been taken from the final judgment.
>
> FN5. The judgment of the district court, in favor of plaintiff Kenneth Smith, is not invalidated by the failure of Rosita S. Smith, or anyone else claiming an interest, to be joined in the action. Rule 25, F.R.Civ.P.; Sun-Maid Raisin Growers of California v. California Packing Corp., 273 F.2d 282 (9th Cir. 1959).

[7] The appellants also filed another post-judgment motion which the court entertained and granted as there was no objection from appellee. It was a motion for correction of clerical error in the judgment under Rule 60(a), F.R.Civ.P. No attack has been made on the order granting relief but we cannot ignore the jurisdictional problem and therefore act sua sponte. The district court once again acted without jurisdiction. It might act to correct clerical error under Rule 60(a) only on obtaining leave of this court. No request for leave was made and no leave was granted. We therefore remand to the district court for the limited purpose of permitting an application for relief under Rule 60(a) and permitting the district court to respond to that motion. In all other respects the judgment is affirmed.

C.A.Guam, 1979.
Smith v. Lujan
588 F.2d 1304

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.